UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIGREEN, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-459-TAB-WTL |
| | ) | |
| RENU RECYCLING, INC., | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Smurfit-Stone Paper Mill in Carthage, Indiana consists of eighteen buildings on nearly 200 acres of industrial and agricultural land. It operated as a paper mill from 1890 until it closed in 2005. In late 2008, Plaintiff IndiGreen, LLC purchased the property for $50,000, and hired Defendant Renu Recycling, Inc. to salvage the property. In December 2009, Renu employees allegedly were performing salvage work on the property when a fire broke out in the machine room building destroying the building and its contents. IndiGreen sued Renu for negligence, and Renu now moves for partial summary judgment on the proper measure of damages that may be awarded. [Docket No. 45.]

In Indiana, the proper measure of damages for injury to real estate depends on whether the injury is permanent. "[I]f the injury is permanent, the measure of damages is the market value of the real estate before the injury, less the market value of the real estate after the injury." *Spesco, Inc. v. Gen. Elec. Co.*, 719 F.2d 233, 240 (7th Cir. 1983) (citing *Gen. Outdoor Adver., Inc. v. LaSalle Realty Corp.*, 218 N.E.2d 141, 150 (Ind. 1966)). "[I]f the injury to the real estate is not permanent, then the measure of damages is the cost of restoration." *Id.* A permanent

injury is generally an injury that exceeds the cost of restoration. *Baumholser v. Amax Coal Co.*, 630 F.2d 550, 554 (7th Cir. 1980) (citing *Gen. Outdoor*, 218 N.E.2d at 151).

The parties have stipulated that restoring the machine room will cost over $2.6 million. [Docket No. 47 at 2.] To determine whether the injury to the machine room exceeds the cost of restoration, the fair market value must be determined. According to Renu, the fair market value of the entire property before the injury—nearly 200 acres of industrial and agricultural land that includes eighteen buildings—is equivalent to the $50,000 purchase price. Considering that only the machine room building was destroyed, Renu contends that the fair market value of the machine room building is less than $50,000, and therefore the injury is permanent and no more than $50,000 is owed to IndiGreen if Renu is found negligent. But as IndiGreen points out, the purchase price of the property is not conclusive as to the fair market value.

IndiGreen cites several factors that indicate it purchased the property well below fair market value. For example, the $50,000 purchase price by itself does not reflect that IndiGreen agreed as part of the purchase to release, indemnify, and covenant not to sue the seller for environmental liabilities. [Docket No. 47 at 2.] Additionally, even Renu acknowledges that the transaction price was not "normal" because the property no longer fit within the seller's long-range capital plans and the seller was eager to sell the property. [Docket No. 50 at 5.] Moreover, one month after IndiGreen purchased the property, it appraised for approximately $4.5 million. [Docket No. 49-2 at 6.] Accordingly, there are genuine issues of material fact as to the fair market value of the property and the machine room building.

Renu also argues that IndiGreen should not receive a windfall that permits it to restore the machine room building because it was not worth over $2.6 million prior to the fire. As

discussed, there are genuine issues of material fact about the fair market value and condition of the machine room building prior to the fire that must be resolved by a jury. At this stage, it is premature for the Court to determine whether over $2.6 million in damages amounts to a windfall. For these reasons, Renu's motion for partial summary judgment [Docket No. 45] is denied.

DATED: 08/14/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

John M. Choplin II
NORRIS CHOPLIN & SCHROEDER LLP
jchoplin@ncs-law.com

David A. Eisenberg
MUCH SHELIST DENEBERG AMENT & RUBENSTEIN
deisenberg@muchshelist.com

Scott R. Fradin
MUCH SHELIST DENENBERG AMENT & RUBENSTEIN
sfradin@muchshelist.com

James Leo McKnight
Thomas & Kampsen
300 S. Riverside Plaza
Suite 2330
Chicago, IL 60606

Martin J. O'Hara
MUCH SHELIST, P.C.
mohara@muchshelist.com

Thomas A. Pastore
THOMAS PASTORE, PC
tpastore@pastorelaw.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com